# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| DANIEL S. KATAVOLA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CASE NO. 4:12CV120 |
| | § | |
| HRCHITECT, INC., et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER SETTING ASIDE CLERK'S ENTRY OF DEFAULT AND DENYING MOTIONS FOR DEFAULT JUDGMENT

Pending before the Court are the following motions:

- Plaintiff's Motion for Default Judgment as to Defendant Richard Fletcher (Dkt. 25), filed on October 29, 2012; and

- Plaintiff's Motion for Default Judgment as to Defendant Matthew LaFata (Dkt. 26), filed on November 1, 2012; and

- Defendants Richard Fletcher and Matthew Lafata's Motion to Set Aside the Clerk's Entry of Default and for Leave to File Answer to Plaintiff's First Amended Complaint (Dkt. 28), filed on November 6, 2012.

This suit was filed on March 1, 2012, originally naming HRchitect, Inc. as the sole Defendant. On August 31, 2012, Plaintiff filed a First Amended Complaint, also naming Richard Fletcher and Matthew Lafata as Defendants. *See* Dkt. 16. Summons was issued as to both Defendants on September 4, 2012, *see* Dkts. 17 and 18, and executed on both Defendants on September 24, 2012, *see* Dkts. 21 & 22. When Defendants Fletcher and Lafata failed to timely appear, Plaintiff requested that a Clerk's Entry of Default be entered against them on October 25,

2012, and, on October 26, 2012, such entry of default was made by the Clerk of Court. *See* Dkts. 23 and 24.

Several days after that, Plaintiff filed motions for default judgment as to both Defendants. Approximately a week thereafter, Defendants filed a motion to set aside the default judgment. *See* Dkt. 28. And, on November 6, 2012, all Defendants – including Fletcher and Lafata – filed an answer to the amended complaint, denying Plaintiff's allegations against them and asserting various affirmative defenses. *See* Dkt. 29. The Court now addresses whether default judgment against Fletcher and Lafata is appropriate and whether the Clerk's Entry of Default should stand.

Under Federal Rule of Civil Procedure 55, default is appropriate if a defendant has "failed to plead or otherwise defend" the suit. FED. R. CIV. P. 55(a). Because Defendants have now appeared in this suit, the Court finds default to be inappropriate. Default judgments are "generally disfavored in the law" and thus "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger-Silas Mason Co. v. Metal Trades Council,* 726 F.2d 166, 168 (5th Cir. 1984).

Further, having reviewed the record, the Court finds that the clerk's entry of default (Dkt. 24) should be set aside. A court may set aside an entry of default "for good cause shown." FED. R. CIV. P. 55(c). "[T]he requirement of 'good cause' ... ha[s] generally been interpreted liberally." *Amberg v. Federal Deposit Ins. Corp.*, 934 F.2d 681, 685 (5th Cir. 1991). Courts will look at the following factors to determine whether there is good cause to set aside a default: (1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). These

factors are not exclusive, but are to be regarded simply as a means to identify good cause. *Effjohn Intern. Cruise Holdings, Inc. v. A&L Sales*, 346 F.3d 552, 563 (5th Cir. 2003); *Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir. 1992). Other factors, such as whether the party acted expeditiously to correct the default, may also be considered. *Id.*

In light of these guiding principles and especially having considered that Defendants sought to address the matter within less than two weeks of the entry of default (indeed the initial attempt to set aside the clerk's entry of default, which was rendered deficient by the Clerk of Court, was made within three business days of the Clerk's Entry of Default), the Court finds that there is such good cause to set aside the Clerk's Entry of Default. The claims against Defendants are in their infancy, and the Court does not find a sufficient showing of actual prejudice to Plaintiff to warrant the entry of default. Moreover, there is no indication that the failure to answer was willful. According to Defendants, the failure to timely file their answer was a result of a calendaring error by counsel and not intentional. While the Court stresses the importance of strictly complying with all deadlines henceforth in the case, the Court finds that such neglect is not sufficient to let the default stand at this point in the case. Defendants are now actively defending the claims against them and has retained counsel. The Court will address the merits of the defenses before it.

Therefore, because Defendants are now actively participating in defending the claims against them and are represented by counsel herein, Defendants Richard Fletcher and Matthew Lafata's Motion to Set Aside the Clerk's Entry of Default and for Leave to File Answer to Plaintiff's First Amended Complaint (Dkt. 28) is **GRANTED**, the Clerk's Entry of Default against Defendants Richard Fletcher and Matthew Lafata, entered on October 26, 2012, Docket Entry 24, shall be

**VACATED**, and Plaintiff's Motion for Default Judgment as to Defendant Richard Fletcher (Dkt. 25) and Plaintiff's Motion for Default Judgment as to Defendant Matthew LaFata (Dkt. 26) are **DENIED**.

    **SO ORDERED.**

    **SIGNED this 30th day of January, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE